*In re* C.Y.B., a Minor.—(The People of the State of Illinois, Petitioner-Appellee, *v.* C.Y.B., Respondent-Appellant.)

Fourth District   No. 4—82—0267

Opinion filed November 4, 1982.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

On February 22, 1982, respondent was found to be a minor in need of supervision and was made a ward of the court. A dispositional hearing was set for March 15, 1982. Also on February 22, 1982, the court entered a temporary or interim supervision order covering the time period between February 22 and March 15, the date set for the dispositional hearing. Among other things, the temporary or interim supervision order ordered respondent to attend school "each and every day, each and every class." Subsequently, the State filed a rule to show cause against respondent for failure to attend school as set forth in the temporary order. The trial judge found respondent to be in contempt of court and sentenced her to four days' imprisonment in a juvenile detention facility.

On appeal, respondent contends that the contempt finding and the sentence imposed thereon must be vacated because the order which respondent allegedly violated was void. We agree and vacate the contempt finding and the sentence imposed.

As far as we can ascertain, there is no authority within the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*) which allows the type of interim or temporary supervision order entered in the instant case. The problem with the practice is that it short-circuits the procedure whereby an adjudication is made and subsequently a dispositional hearing is conducted. In the instant case, the trial court actually entered a form of a dispositional order prior to the dispositional hearing.

A continuance under supervision available in section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—7) is inapplicable here since that is a separate proceeding available prior to any findings and adjudication. Section 5—1(4) of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—1(4)) also appears inapplicable since that section provides that the court may adjourn a dispositional hearing for a reasonable time to receive reports and other evidence and, in the

meantime, to enter an appropriate order releasing the minor from detention subject to supervision by the court during the period of the continuance. Here, there was no continuance, but the trial court entered a temporary order on the same date as the adjudicatory hearing. We conclude there is no provision in the Juvenile Court Act which provides for the interim order entered here and therefore the trial court's order was void. As the contempt finding and the sentence imposed thereon were based upon a void order, the contempt finding and sentence must be vacated.

Accordingly, the contempt finding and the sentence imposed thereon are vacated.

Judgment vacated.

MILLS and TRAPP, JJ., concur.